# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CASE NO.  3:22-CV-085-RJC-DCK

| | |
|---|---|
| ANDRELL MACKEY, as Administrator of the Estate of HAROLD P. EASTER, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF CHARLOTTE, et al., <br><br> Defendants. | ) ) ) ) ) ) **ORDER** ) ) ) ) ) |

**THIS MATTER IS BEFORE THE COURT** on the parties' "Joint Motion For Stipulated Protective Order For State Bureau Of Investigation Report" (Document No. 24) filed January 26, 2023.  This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate.  Having carefully considered the motion and the record, the undersigned will <u>grant</u> the motion.

The parties herein, and the North Carolina State Bureau of Investigation (hereinafter "SBI") consent and stipulate to the entry of this Protective Order allowing release of the SBI Report, File No. 2020-00301, regarding the investigation into arrest and detention of Harold Easter by Defendants on January 23, 2020 (the "Incident").

Counsel for the parties and counsel for the SBI stipulate and agree to the following statements of facts which authorize the Court's entry of the Protective Order:

1.      Plaintiff, through counsel, has requested the release of the SBI investigation report in this matter.

2.      The SBI report may be material and relevant to the subject matter involved in this matter.

3.	In addition, this order governs the handling and disclosure of all materials produced, given, or filed pursuant to this Order by the parties and designated as CONFIDENTIAL.

4.	Definitions.

a.	SBI Report refers to the materials contained in SBI File No. 2020-00301, the related laboratory reports and findings, and any photographs taken in conjunction with the investigation into the Incident.

b.	Document means all writings, drawings, graphs, charts, recordings, and any other documents as defined in Rule 34 of the Federal Rules of Civil Procedure.

c.	Material means any document, any answer to any interrogatory or other discovery request in this action, any portion of any deposition (including deposition exhibits) in this action, and any other information produced, given, or filed in this action.

d.	Parties mean any Plaintiffs, Defendants, or Third-Party Defendants in this action.

e.	Confidential Information means any information contained within the SBI Report that a party in good faith believes contains, reflects or concerns information that is deemed confidential under federal or state law or case law, and which the party has designated as "Confidential Information."   Confidential Information shall not include public information or information subject to disclosure or publication pursuant to any state or federal law or regulation.

2

5.     Counsel for the SBI, after reviewing this file and related documents, has determined that the SBI has no objection to producing the SBI Report to the parties in response to Plaintiff's request for the following reasons:

a.     No policy reason exists for denial of the request of Plaintiff for production of these materials.

b.     There is no prejudice to the SBI by releasing this material.

c.     There are no identities of persons contained in the materials which need to be protected; and

d.     Any criminal investigation which might have been the subject of this file has been concluded.

6.     Except as may be otherwise provided by further order of the Court, documents contained within the SBI Report shall be used *for no purpose other than prosecuting or defending this action, including any and all motions such as motions for summary judgment, and shall be disclosed only to the persons identified below.*

7.     Access to and the use of any documents, or any part thereof, of the SBI Report shall be limited to the following qualified persons/entities:

a.     The parties and attorneys of record for the parties, and their legal assistants, other staff members, and law student clerks; insurers, their agents and employees; outside companies engaged by attorneys for the parties to photocopy such documents; officers, managers, owners or employees of the parties who provide material assistance in the legal representation of the parties;

3

b.      A deponent in the action (during a deposition or in preparation therefore) when the confidential materials are materially related to the questions asked to or testimony of such deponent;

c.      The authors and the original recipients of the documents;

d.      Mediators;

e.      Consultants and technical experts involved in the preparation of this action;

f.      The Court and its personnel, including, but not limited to, stenographic reporters engaged by the Court or the parties during the litigation of this action;

g.      Court reporters, their transcribers, assistants and employees;

h.      Any potential or actual deposition or trial witness to the extent that it is necessary to tender such witness as an exhibit a confidential document in order to elicit testimony relevant to the matters at issue in this case; and

i.      The jury and trier of fact.

8.      In addition, the above individuals and entities that are permitted access to the SBI Report materials and information are hereby ordered not to show, convey or reproduce any documents so designated or parts thereof, or copies thereof, or any matter contained therein, or any extracts or summaries thereof, to any individual, or to any entity that would not otherwise have access to said documents under the provisions of this Protective Order, except to the qualified persons listed above.

9.      Counsel may make copies of material contained within the SBI Report for Plaintiff's or Defendants' experts upon receiving from said experts *a written agreement* that they

will be bound by the terms of this Protective Order. The requirement of obtaining such an agreement shall be satisfied by having each of Plaintiff's or Defendants' experts read, acknowledge, and agree in writing to be bound by this Protective Order. A file of all such written acknowledgments shall be maintained by Plaintiff's and/or Defendants' counsel. By signing the declaration agreeing to be bound by this Protective Order, each of Plaintiff's or Defendants' experts submits himself or herself to the jurisdiction of the Court for purposes of enforcement of this Protective Order.

10. The production or disclosure of documents and materials in the SBI Report, pursuant to the terms of this Order, shall not waive or prejudice the right of any party to object to the production or admissibility of documents or information on grounds other than confidentiality in this action or on grounds in any other action.

11. All information and materials derived from the SBI Report shall be used solely in the prosecution or defense of this action and shall not be used or disclosed by any person for any other purpose, except as provided herein.

12. Counsel for the parties are responsible for notifying any person who is provided information or material from the SBI Report of the terms of this Protective Order. Counsel shall keep a record of all persons to whom disclosures are made.

13. In the event any Confidential Information from the SBI Report is contained in any pleading or filing in this matter, the party making such pleading or filing shall use its best efforts to keep the Confidential Information confidential, to the extent possible, such as requesting permission to file such matters under seal.

14. In the event that a party seeks to file materials designated as Confidential Information by another party, the filing party shall follow the procedure set forth in Local Civil Rule 6.1.

15. Within thirty (30) days after receipt of the final transcript of the deposition of any party or witness in this case, a party or the witness may designate as "Confidential" any portion of the transcript that the party or witness contends discloses Confidential Information contained in the SBI Report. If a transcript containing any such material is filed under seal with the Court, the filing party shall follow the procedure described in Local Civil Rule 6.1.

16. Subject to the rules of evidence and orders of the Court, Confidential Information may be offered in evidence at trial or any court hearing.

17. Each person who receives material and information described herein submits himself or herself to the personal jurisdiction of the Court, wherever he or she shall be, for the enforcement of this Order.

18. It is specifically agreed that making the materials or documents available for inspection and the production of the materials or documents shall not constitute a waiver by the parties or SBI or any claim of confidentiality, and the production of such materials or documents may be admissible into evidence at the trial of this action  The parties reserve all rights to object to the admissibility of such materials and information as provided by the Federal Rules of Evidence and  Federal Rules of Civil Procedure.

19. Nothing in this Protective Order shall require disclosure of material or information which the conveying party contends is protected from disclosure by the attorney-client privilege, materials produced in anticipation of litigation, or as constituting attorney work product materials.

6

20.    If some of the information released pursuant to this Protective Order contains confidential insurance company employee or information, such information shall be treated as confidential by the receiving party and be subject to the terms of this Order.

21.    All original and copies of the SBI Report shall be returned to the SBI at the conclusion of this action, with a certification that no other copies exist, and that all copies have been duly returned in compliance with this Order.

22.    This Protective Order shall not prevent any party, or the SBI, from applying to the Court for relief from this Protective Order or from applying to the Court for further or additional Protective Orders, or from agreeing between themselves to modification of this Protective Order, with the concurrence of the SBI and subject to the approval of the Court.

23.    This Protective Order shall not apply to information, materials, or documents obtained from any person or entity other than the SBI, even if such information, materials, or documents are also contained within the SBI Report.  This Protective Order is not intended to apply to information, materials, or documents obtained by the SBI from any person or entity which are not otherwise confidential.

**SO ORDERED**.

Signed: January 26, 2023

David C. Keesler
United States Magistrate Judge

7

**AGREED TO BY:**

**JAMES, McELROY & DIEHL, P.A.**

BY:   /s/ J. Alexander Heroy
J. Alexander Heroy
Jennifer M. Houti
525 North Tryon Street, Ste. 700
Charlotte, North Carolina 28202
Email: aheroy@jmdlaw.com
        jhouti@jmdlaw.com
*Attorneys for Plaintiff*

**POLICE ATTORNEY'S OFFICE**

BY:   /s/ Jessica K. Battle
Jessica K. Battle
601 E Trade St
Charlotte, NC 28202-2940
jessica.battle@cmpd.org
(704) 335-1065
Fax 704.336.4107
*Attorney for Defendant City of Charlotte*

**PARKER POE**

BY:   /s/ Daniel Peterson
Daniel Peterson
620 South Tryon Street | Suite 800 | Charlotte, NC 28202
Office: 704.335.9874
Fax: 704.334.4706
*Attorney for Sgt. Nicholas Vincent*

**CRANFILL SUMNER, LLP**

BY:   /s/ Stephanie H. Webster
Stephanie H. Webster
P. O. Box 30787
Charlotte, NC 28230
swebster@cshlaw.com
*Attorney for Defendant Sheffield*

**ROBERT D. MCDONNELL, PLLC**

BY:   /s/ Robert D. McDonnell
Robert D. McDonnell
212 South Tryon Street, Suite 1670
Charlotte, NC 28211
robert@rdmcdonnelllaw.com
*Attorney for Defendant Joseph*

**THE LAW OFFICES OF LORI KEETON**

BY:   /s/ Lori Keeton
Lori Keeton
6000 Fairview Road
Suite 1200
Charlotte, NC 28210
lkeeton@lorikeetonlaw.com
*Attorney for Defendant Vinson*

**WALLACE LAW FIRM PLLC**

BY:   /s/ Terry L. Wallace
Terry L. Wallace
6000 Fairview Road, Suite 1200
Charlotte, NC 28210
Direct:  (704) 626-2903
Fax:    (704) 626-3476
terry@wallacelawnc.com
*Attorney for Defendant Benfield*

**STATE BUREAU OF INVESTIGATION**

 /s/Angel E. Gray
Angel E. Gray
Legal Counsel for the North Carolina State
Bureau of Investigation
Post Office Box 2950
Raleigh, North Carolina 27626
Email: agray@ncsbi.gov
*North Carolina State Bureau of Investigation*

8